[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14863
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00074-SPC-MRM

MAMBERTO REAL,

Plaintiff - Appellant,

versus

THE CITY OF FORT MYERS,
GLORIA CAMACHO,
Detective,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Mamberto Real appeals the dismissal of his civil rights action under 42 U.S.C. § 1983 against Gloria Camacho and the City of Fort Myers (the City) for failure to state a claim upon which relief could be granted.  Real contends there was no probable cause for his arrest, the district court ignored Florida's "stand your ground" law, and the City's corruption is "not a secret."  After review,[1] we affirm the district court.

Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To survive a motion to dismiss, the plaintiff's pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct.  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

---

[1]   We "review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotations omitted).  We construe pro se pleadings liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alteration

omitted).  The complaint must introduce facts that plausibly establish each

essential element of the asserted cause of action.  *See Simpson v. Sanderson*

*Farms, Inc.*, 744 F.3d 702, 713 (11th Cir. 2014) (affirming the dismissal of a

complaint for failure to establish essential elements of the asserted cause of action).

Thus, the Court engages in a two-step approach: "When there are well-pleaded

factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at

679.

The district court did not err by dismissing Real's second amended

complaint for failure to state a claim upon which relief could be granted.  Real

asserted in his second amended complaint that probable cause was lacking due to

fabricated evidence, that he was entitled to a stand your ground defense, Camacho

conspired with the victim in order to distort the facts, and Camacho suppressed

favorable evidence.  However, Real's second amended complaint failed to allege

sufficient factual matter to support these conclusory assertions.  *Iqbal*, 556 U.S.

678; *Twombly*, 550 U.S. at 553.  Indeed, the facts alleged in Real's second

amended complaint and the probable cause affidavit he attached showed that

probable cause for his arrest did in fact exist, even in the face of his Florida stand

your ground defense.  In Real's circumstance, he was arrested because his

3

statement to police was inconsistent, unlike the victim's.  Accordingly, because the existence of probable cause for Real's arrest is an absolute bar to a constitutional challenge to his arrest, and serves as a rational basis for his arrest, the district court did not err in dismissing his claims against Camacho.  *See Gates v. Khokhar*, 884 F.3d 1290, 1297 (11th Cir. 2018) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." (quotations omitted)); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (stating "a 'class of one' [equal protection] claim involves a plaintiff who alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" (quotations omitted)); *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (explaining under Florida law, a plaintiff must establish six elements to support a claim of malicious prosecution, one of which is the absence of probable cause).  Furthermore, because Real's second amended complaint showed there was probable cause for his arrest, his constitutional rights were not violated and the claim against the City was also rightfully dismissed.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978) (holding governing bodies can be sued under § 1983 and held liable for actions unconstitutionally implementing or executing a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers and government "custom" even though

4

such a custom has not been formally approved); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (providing in order to state a *Monell* claim, a plaintiff must allege facts showing: "(1) *that his constitutional rights were violated*; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation" (emphasis added)).

Accordingly, we affirm the district court's dismissal of Real's second amended complaint for failure to state a claim upon which relief could be granted.[2]

**AFFIRMED**.

---

[2] Because we conclude the existence of probable cause for Real's arrest is case dispositive, we do not need to address Real's other arguments. Furthermore, because the district court dismissed Real's complaint with prejudice for failure to state a claim upon which relief could be granted without deciding whether deputy Camacho was entitled to qualified immunity, it is not necessary to address the viability of that defense.